1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8

MONICA CARBAJAL-AGUILAR, et al.,

     Plaintiff(s),

9

v.

10

LOYA INSURANCE COMPANY,

11

     Defendant(s).

Case No. 2:24-cv-02115-RFB-NJK

**ORDER**

[Docket No. 17]

12     Pending before the Court is a stipulation to continue the discovery to an unspecified date

13 to take Plaintiffs' depositions. Docket No. 17.

14     A request to extend unexpired deadlines in the scheduling order must be premised on a

15 showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns

16 on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.

17 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence

18 obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D.

19 Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire

20 period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967

21 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

22     The instant stipulation does not meet the governing standard. It indicates that Plaintiff

23 Carbajal-Aguilar's deposition has been delayed because she is unavailable to be deposed before

24 May 12, 2025. Docket No. 17 at 2. No explanation is provided, however, as to the details of

25 scheduling this deposition, including why it could not have been taken in the preceding months

26 that discovery has been open. The stipulation also indicates that Plaintiff Paramo's deposition

27 cannot be taken before the discovery cutoff because of the "unforeseen" circumstance that he is

28 incarcerated at Southern Desert Correctional Center. *Id.* Per the state website, however, Plaintiff

Paramo has been incarcerated for more than a year, so it is not clear why that circumstance was not foreseen.  Lastly, but importantly, the stipulation provides no actual date by which these depositions will be taken.  *But see, e.g.*, Local Rule 26-3(d).  Although the current request is deficient, the Court will allow a short extension in the interest of the case being decided on its merits and as a one-time courtesy to the parties.

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part.  Discovery will close on May 12, 2025, with the sole exceptions that the depositions of Plaintiffs must be taken by May 23, 2025.  All other case management deadlines remain unchanged, including that dispositive motions must be filed by June 11, 2025.

IT IS SO ORDERED.

Dated: May 9, 2025

_____
Nancy J. Koppe
United States Magistrate Judge