**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MONICA CARBAJAL-AGUILAR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LOYA INSURANCE COMPANY dba FRED LOYA INSURANCE, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-02115-RFB-NJK<br><br>**ORDER** |

Before the Court for consideration is Plaintiffs Monica Carbajal-Aguilar and Oscar Paramo's (ECF No. 5) Motion to Remand. For the following reasons, the Court grants the Motion and remands this case.

**I.   BACKGROUND**

On October 10, 2024, Plaintiffs, who are Nevada citizens, filed their Complaint in Eighth Judicial District Court of Clark County, Nevada. ECF No. 1-1. Plaintiffs allege they were injured in a car accident caused by non-party Jesus Gonzalez, who was insured by Defendant. Id. In July 2022, Plaintiffs sued Gonzalez for their injuries sustained in the accident. See ECF No. 1. That suit resulted in a total judgment amount of $75,547 to Plaintiff Carbajal-Aguilar and $51,110 to Plaintiff Paramo, including attorney's fees and interest. Id. In September 2024, Plaintiffs obtained a judicial assignment of Gonzalez's rights against Defendant, and subsequently brought the present action asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and violations of the Nevada Unfair Claims Practices Act (N.R.S. 686A). Id. On October

16, 2024, Defendant was served. ECF No. 1-3. On November 12, 2024, Defendant filed its Answer. ECF No. 1-4. On November 13, 2024, at 8:23 a.m., Plaintiffs filed a First Amended Complaint which removed the prayer for punitive damages and purported to limit Plaintiffs damages to "total combined damages not to exceed $74,999.99." ECF No. 1-5.

On November 13, 2024 at 1:46 p.m., Defendant filed its Notice of Removal pursuant to 28 U.S.C. § 1441(b) and § 1446, which stated that Defendant is a citizen of Texas and thus diverse from the Nevada Plaintiffs; and the amount in controversy is in excess of $75,000 from the face of the Complaint, because Plaintiffs seek payment by Defendant of their combined $126,000 judgment, as well as post-judgment interest, punitive damages, and attorney's fees. ECF No. 1. However, on August 13, 2024, Defendant paid $25,000 to each Plaintiff toward their judgment, leaving a balance of $50,547.99 for Plaintiff Carbajal-Aguilar, and $26,110.21 for Plaintiff Paramo. See ECF Nos. 5-1; 5-2.

On November 19, 2024, Defendant proposed to stipulate to remand this action if Plaintiffs would agree they would not seek more than $75,000 in damages, however, Plaintiffs' counsel refused to drop the claim for attorney's fees and costs. ECF No. 7-1. Plaintiffs offered to settle for $75,000. Id. The negotiations continued without resolution until the filing of the Motion to Remand. Id. On November 25, 2024, Defendant filed its Statement Regarding Removal, which reiterated the jurisdictional facts in the Petition for Removal. ECF No. 4.

On December 13, 2024, Plaintiffs filed their Motion to Remand. ECF No. 5.  On December 26, 2024, Defendant filed its Opposition. ECF No. 6. On January 10, 2025, the parties filed a Stipulation to Remand, wherein Plaintiffs agreed—in exchange for Defendant's agreement to have the matter remanded back to state court—they would not seek, and could not recover, more than $75,000 in total damages in this action, including attorney's fees but excluding interest and costs. ECF No. 8. On February 4, 2025, the parties filed a second Stipulation to Remand. ECF No. 15. On April 14, 2025, the Court denied the Stipulations to Remand without prejudice, with leave to refile a stipulation that the amount in controversy did not meet the jurisdictional threshold **at the time of removal**. ECF No. 16.  No such stipulation was filed.

The Court's Order on the Motion to Remand follows.

## II. LEGAL STANDARD

Removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. City of Chicago v. Int'l College of Surgeons, 552 U.S. 156, 163 (1997); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Jordan v. Nationstar Mortgage, LLC, 781 F.3d 1178, 1181 (9th Cir. 2015). Diversity jurisdiction under § 1332(a) grants original jurisdiction to a district court when there is both complete diversity of citizenship and an amount-in-controversy exceeding $75,000. See 28 U.S.C. § 1332(a).

"The burden of establishing removal jurisdiction . . . lies with the defendant seeking removal." Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011); Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010) ("[T]he proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper."). Courts "strictly construe the removal statute against removal jurisdiction," and any doubts as to removability should be resolved in favor of remanding the case. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

The removability of a civil action filed in state court is "generally determined as of the time of the petition for removal." Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co., 846 F.2d 1213, 1215 (9th Cir. 1988). Thus, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal." Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

"For removal purposes, the amount of damages sought in the complaint controls." Hall v. North American Van Lines, Inc., 476 F.3d 683, 689 n.6 (9th Cir. 2007). Thus, where the state complaint alleges an amount in controversy in excess of the statutory limit, "such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

Whereas if a plaintiff "has pled damages less than the jurisdictional amount," the "party seeking removal must prove with 'legal certainty' that the amount in controversy is satisfied, notwithstanding the prayer for relief in the complaint." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 996 (9th Cir. 2007) overruling on other grounds recognized by Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 998 (9th Cir. 2013).

### III.     DISCUSSION

The parties do not dispute that there is diversity of citizenship—the sole dispute is whether the amount in controversy exceeded $75,000 at the time of removal. Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373 (9th Cir. 1997) ("'Events occurring subsequent to the institution of suit [or removal] which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'") (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938)). Although Plaintiffs amended their complaint several hours before Defendant filed its Notice of Removal and purported to limit their claimed damages in their prayer for relief to $74,999.99, in determining removability based on the amount in controversy, Defendant can offer, and the Court can consider, evidence outside the First Amended Complaint to prove the jurisdictional threshold was met at the time of removal. See e.g., id. at 376-77.

Defendant relies on the following facts to establish the jurisdictional minimum was met at the time of removal. First, if Plaintiffs succeed on their bad faith failure to settle claims as set forth in their First Amended Complaint, they would recover the amount of the excess judgment, which Plaintiffs concede is a combined amount of $76,768. That alone, Defendant argues, is sufficient to show the amount in controversy exceeded $75,000 at the time of removal. Defendant also points to the fact that Plaintiffs demanded $75,000 to settle the case and would not agree to stipulate to limit their recovery to below $75,000. Finally, Defendant points to the fact that Plaintiffs' claim for attorney's fees, which are recoverable by statute, also establishes the jurisdictional minimum.

Defendant has failed to establish the jurisdictional threshold was met at the time of removal to a "legal certainty," despite the $74,999.99 limitation in the prayer for relief. See Lowdermilk, 479 F.3d at 996. That is because although Plaintiffs together would recover over $75,000 on their

failure to settle claims, based on the combined excess judgment amount of $76,768, *separately*, their claims are for significantly less than the jurisdictional threshold: $50,547.99 for Plaintiff Carbajal-Aguilar, and $26,110.21 for Plaintiff Paramo. "'[W]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount.'" Gibson v. Chrysler Corp., 261 F.3d 927, 943 (9th Cir. 2001) (quoting Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40 (1911)). Likewise, Plaintiffs *combined* settlement demand for $75,000 fails to establish that *each* Plaintiff has a claim with an amount-in-controversy exceeding $75,000. And Defendant has failed to establish that each Plaintiff's attorney's fees would bring the amount-in-controversy in their individual claims over the threshold.

Therefore, Defendant has failed to meet its burden to establish removal jurisdiction. The Court finds it lacks jurisdiction over this action because the amount in controversy requirement was not met at the time of removal, and remand is proper.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the (ECF No. 5) Motion for Remand is **GRANTED**. This case is **REMANDED** to the Eighth Judicial District Court of Clark County, Nevada.

**IT IS FURTHER ORDERED** that all pending Motions (ECF Nos 19, 21) are **DENIED without prejudice** as moot.

The Clerk of Court is directed to close this case.

**DATED:** September 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**